ALEX WILLIAMS, *Appellee*, v. STEPHEN C. CHASE *et ux.*,
*Appellants.*

No. 16,979.

### SYLLABUS BY THE COURT.

WARRANTY DEED—*Breach of Warranty—Measure of Damages—
Evidence.* Plaintiff conveyed city property to defendants in
exchange for a warranty deed to land and a cash payment.
The title to the land failed. The plaintiff sued for $1600,
claiming that the land had been taken at that agreed price.
The defendants asserted that no price had been agreed upon,
and the jury in effect found in their favor on that isssue, but
returned a verdict against them. *Held,* that as throwing some
light upon the reasonableness of the plaintiff's contention that
he had taken the land at an agreed price it was competent for
him to give evidence of the value of the city property he had
exchanged for it, and that the evidence is not shown to have
been prejudicial to the defendants upon the issue as to the
value of the land.

Appeal from Anderson district court. Opinion filed
July 7, 1911. Affirmed.

*J. G. Johnson,* and *Manford Schoonover,* for the ap-
pellants.

*Noah L. Bowman,* for the appellee.

The opinion of the court was delivered by

MASON, J.: Alex Williams conveyed to Stephen
Chase real estate in St. Joseph in consideration of the
payment of $2500 (or $2450) and a warranty deed to a
tract of land in Arkansas. The title to the Arkansas
land failed, and Williams sued Chase on his warranty.
The plaintiff claimed that the Arkansas land was taken
at the agreed value of $1600 and placed his damages at
that amount. The defendants asserted that there had
been no agreement as to its price, and insisted that the
recovery must be limited to the market value of the
Arkansas land, and that this did not exceed $400. The

jury returned a verdict for $1561.65, and the defendants appeal.

If any amount was agreed upon by the parties as to the value of the land it was $1600. As the jury returned a verdict for a less amount, they must be deemed to have found that there was no agreement on the subject. The court instructed that in that case the measure of damages would be the market value of the Arkansas land with interest at six per cent for about a year and three months. The defendants concede that the jury were instructed in accordance with this theory, but ask that the judgment be reversed because the plaintiff was permitted to introduce evidence of the value of the city property. The estimates of the value of the Arkansas land made by the defendants' witnesses varied from $320 to $800. The plaintiff testified that it was worth $1800, and that the defendants had told him it was worth $1600. The defendants argue that the amount of damages assessed by the jury—$1561.65—must have been influenced by the testimony of the plaintiff and his witnesses that the city property was worth $4000 or $4100. The process by which the jury reached their assessment is not clear, but as it fell between the maximum and minimum valuations placed upon the Arkansas land by the witnesses, it can not be said to be unsupported by evidence. It does not conform to the evidence of the value of the city property, and therefore is not shown to have been influenced thereby. It was not necessary that the jury should adopt the estimate of any witness.

The testimony of the plaintiff and defendant conflicted as to whether there had been an agreement to take the Arkansas land at $1600, and this was one of the principal issues on trial. The court stated that he let in the evidence of the value of the city property as touching the reasonableness of the contentions of the parties. It had some bearing on that aspect of the

matter. And since the jury were given a measure of damages acceptable to the defendants, it can not be said that any error is shown.

The judgment is affirmed.